IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BELTON LAMONT DAVIS,            )
                                )
            Plaintiff,           )
                                )
       v.                        )      1:14CV239
                                )
OFFICER WHITE, et al.,          )
                                )
            Defendant(s).        )


ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.  Plaintiff sets out a laundry list of complaints, none of which clearly state a viable claim for relief. His primary contention is that on one occasion guards forced inmates, presumably including Plaintiff, to shower in handcuffs. This is not a violation of Plaintiff's constitutional rights. Branham v. Meachum, 77 F.3d 626, 631 (2d Cir. 1996) (forcing an inmate to wear leg irons while showering does not violated the Eighth Amendment); Lemaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (forcing an inmate to shower while handcuffed does not state a claim under the Eighth Amendment). Plaintiff claims that the practice could have potentially exposed him to diseases, but does not explain this claim or allege that he actually contracted any disease. He also claims that a cleaning solution sprayed on the handcuffs after he complained about the risk of disease warned that it could cause skin irritation, but he does not allege that he suffered any harm from the cleaner. Plaintiff further alleges that Defendants forced inmates to expose unidentified body parts to other inmates during the showering process. His exhibits indicate that inmates were forced to remove their shirts. "[W]hen not reasonably necessary, exposure of a prisoner's genitals to members of the opposite sex violates his

constitutional rights." Strickler v. Waters, 989 F.2d 1375, 1387 (4th Cir. 1993). However, Plaintiff alleges nothing resembling this level or type of exposure. Finally, Plaintiff also mentions other potential violations such as interference with legal mail, his visitation with his family, and his religious practices. However, he sets out no facts to support these bare allegations.

2. Plaintiff does not appear to request any proper forms of relief. He seeks a change in state policy, but does not identify the policy or give any basis for changing it. He also requests damages based purely on emotional distress or mental injury. However, inmates cannot recover such damages without physical injury. 42 U.S.C. § 1997e(e). Plaintiff alleges no actual physical injury.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Federal Rule of Civil Procedure 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Federal Rule of Civil Procedure 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 16th day of June, 2014.

                                                /s/ Joi Elizabeth Peake
                                                United States Magistrate Judge